**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| JOHN DOE D.P., | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No. 16-cv-2267-CM-TJJ |
| | ) | |
| UNITED STATES OF AMERICA, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Defendant the United States of America's Motion to

Stay (ECF No.15).[1]  The United States asks the Court to stay this case until the criminal charges

pending against Defendant Mark Wisner are resolved.  Plaintiff opposes the motion.  For the

reasons discussed below, the Court denies the motion.

**Background**

Plaintiff filed his complaint on April 26, 2016, naming the United States of America and

Mark E. Wisner as Defendants.  Plaintiff obtained service on both.  On May 11, 2016, Wisner

filed his answer[2] and a motion to stay the case.[3]  Plaintiff opposed the motion to stay,[4] and on

June 3, 2016 the undersigned Magistrate Judge entered an order denying the motion.[5]

---

[1] The motion is titled "Motion to Dismiss," but the body of the motion makes clear that the
United States is seeking a stay.

[2] ECF No. 3.

[3] ECF No. 4.

[4] ECF No. 7.

[5] ECF No. 9.

On June 29, 2016, the United States responded to Plaintiff's complaint by filing a motion to dismiss for lack of jurisdiction and failure to state a claim,[6] along with the instant motion. As with Wisner's motion to stay, Plaintiff has responded to state his opposition.[7]

## Legal Standard

A party who applies for a stay has the burden to make a clear showing of hardship or inequity if a fair possibility exists that a stay would cause damage to another party.[8]  In the context of a requested stay pending the outcome of criminal proceedings, the Constitution generally does not require a stay absent substantial prejudice to the requesting party's rights.[9] "When deciding whether the interests of justice seem to require a stay, the court must consider the extent to which a party's Fifth Amendment rights are implicated."[10]

In this instance, the request for stay does not come from a party whose Fifth Amendment rights are implicated.  Instead, the United States asserts that Wisner will refuse to testify and that without his testimony, the United States cannot properly defend this action.  Even so, the United States urges the Court to consider the following factors in exercising its discretion:  (1) the extent to which the defendants' Fifth Amendment rights are implicated; (2) the interest of the plaintiff in proceeding expeditiously with any or all aspects of the litigation, and the potential prejudice to plaintiff of a delay; (3) the burden that any particular aspect of the proceedings may have on

---

[6] ECF No. 13.

[7] ECF No. 26.  With leave of court, Plaintiff has also filed an amended complaint.  ECF No. 31.

[8] *Creative Consumer Concepts, Inc. v. Kreisler*, 563 F.3d 1070, 1080 (10th Cir. 2009).

[9] *Id.* (citing *Keating v. Office of Thrift Supervision*, 45 F.3d 322, 324 (9th Cir. 1995); *SEC v. Dresser Indus., Inc.,* 628 F.2d 1368, 1375 (D.C. Cir. 1980)).

[10] *Id.* (citing *Keating*, 45 F.3d at 324).

defendants; (4) the convenience of the court in the management of its cases and the efficient use

of judicial resources; (5) the interests of persons who are not parties to the civil litigation; and (6)

the interests of the public in the pending civil and criminal litigation.[11]

The Court must examine the totality of the circumstances in determining whether a stay is

warranted.[12]

**Arguments of the Parties**

In its motion, the United States offers more assertions than analysis with regard to the

legal factors the Court is to consider.  For instance, the United States conclusively states without

legal authority that the most important factor is the private interests of and burden on the

defendant.[13]  It then asserts that Wisner will not give testimony in this case, which ultimately

may turn out to be true but is not currently knowable, and that consequently the United States

cannot properly defend this matter.  The United States even purports to speak for Plaintiff,

stating that Plaintiff will be prejudiced if he is forced to proceed without Wisner's testimony.[14]

Addressing the remaining factors, the United States asserts "there can be no doubt that

there is a substantial overlap between the criminal and civil proceedings at issue,"[15] and points

---

[11] United States' Memorandum of Law in Support of Defendant's Motion to Stay (ECF No. 17) at 3.  The United States purports to quote Judge Van Bebber's ruling in *Starlight International, Inc. v. Herlihy*, No.  97-2329-GTV, 1998 WL 560045, at *1 (D. Kan. Aug. 4, 1998), but the quoted language is not from the cited case.  It is a different formulation that is similar but not identical to the factors set forth in *Starlight International, Inc.*  The Court has recited the factors as they appear in *Starlight International, Inc.*, a case arising from this District.

[12] *Starlight Int'l, Inc.*, 1998 WL 560045, at *1 (citing *Securities & Exchange Comm'n v. Dresser Indus., Inc.*, 628 F.2d 1368, 1375 (D.C.Cir.1970)).

[13] ECF No. 17 at 3.

[14] *Id.*

[15] *Id.*

out that Wisner's criminal proceedings are active with trial currently set to begin on October 31, 2016.[16]  Finally, the United States acknowledges that Plaintiff, the court, and the public have an interest in this case moving forward expeditiously, but that a stay would impose only a slight burden on them because the trial date is imminent.[17]

Plaintiff opposes the motion and disagrees with the United States' views on the various factors.  Plaintiff acknowledges that Wisner's criminal defense counsel would advise him to invoke his Fifth Amendment right not to testify in this case, but points out that no one can currently say whether Wisner would follow such advice.  Neither is there a reason to assume that if he were to refuse to testify before his trial, he would agree to do so after his criminal trial is concluded.  Moreover, Plaintiff argues, the Fifth Amendment right is personal to Wisner, and whether he might invoke it is not currently before this Court.

With respect to the issue of prejudice, Plaintiff contends that granting the stay would hinder his ability to prosecute his case.  Plaintiff asserts that he is entitled to conduct discovery as to the government's knowledge of Wisner's actions and its respondeat superior liability, neither of which require him to obtain Wisner's testimony.

Finally, Plaintiff asserts that the criminal charges pending against Wisner do not involve Plaintiff or Wisner's care and treatment of Plaintiff.  Because there is no overlap between the civil and criminal cases, Plaintiff contends that a stay would serve little or no purpose.

---

[16] *Id.* at 4.

[17] *Id.*

**Analysis**

The Court concludes, after considering all relevant factors, that under the totality of the circumstances the stay should be denied.  The United States' assertion "there can be no doubt that there is a substantial overlap between the criminal and civil proceedings at issue" appears to be inaccurate.  According to Plaintiff, there is no overlap: the pending criminal charges do not involve Plaintiff or Wisner's care and treatment of Plaintiff.  In its reply, the United States does not dispute Plaintiff's assertion.  Moreover, the United States has no Fifth Amendment rights to be considered, and no standing to assert Wisner's Fifth Amendment rights.[18]  This factor, which essentially examines the extent to which Wisner's Fifth Amendment rights are implicated, weighs against a stay.[19]

Plaintiff asserts that a stay of proceedings would severely hinder his ability to prosecute his claims, and the Court agrees.  The United States presents no compelling argument why Plaintiff should not be able to conduct the discovery necessary to prosecute his claims against the United States, regardless of whether and for how long Wisner might refuse to testify.  The Court also notes that if Wisner does refuse to testify in this civil action, Plaintiff will be entitled to obtain a negative inference from Wisner's invocation of his Fifth Amendment privilege,[20] and a stay may well delay or preclude Plaintiff from obtaining the benefit of that inference.  "Because

---

[18] "The decision of whether to testify lies solely with the defendant."  *United States v. Hollis*, 191 F. Supp. 2d 1257, 1269 (D. Kan. 2002).

[19] This factor (the extent of overlap) is sometimes viewed as the "most important factor in ruling on a motion to stay."  *E.g., DeAtley v. Allard*, No. 14-cv-00100-RM-KMT, 2014 WL 1258170, at *2 (D. Colo. March 27, 2014); *SEC v. Nicholas*, 569 F. Supp. 2d 1065, 1070 (C.D. Cal. 2008).

[20] *See Nat'l Reinsurance Corp. v. Mkt. Risk Mgmt., Inc.,* No. 91-4003-C, 1992 WL 190694, at *2 (D. Kan. July 29, 1992)  ("Despite Ausbrook's invocation of his Fifth Amendment privilege against self-incrimination, this court may infer that the plaintiff's facts are uncontroverted because Ausbrook has offered no rebuttal evidence.").

plaintiffs are often 'entitled to preserve the fact that they were deprived of information' due to a defendant's invocation [of the Fifth Amendment right against self-incrimination], a stay may impede a plaintiff's ability to obtain these 'negatives inferences.'"[21]  This factor argues against a stay.

As for the effect a stay would have on Defendants, the Court is not persuaded that the United States will be hampered in its ability to defend itself if the Court denies its motion. Wisner's criminal trial is scheduled to begin on October 31, but this is not the first setting and further continuances would not be surprising.  If the trial results in a conviction, Wisner will have an automatic right to appeal.[22]  And while the Court recognizes that statutes of limitations will protect Wisner from exposure to prosecution at some point, it is not inconceivable that the State will bring additional charges against him.[23]  The United States concedes that the "calculus would change" if Wisner continued to assert his Fifth Amendment rights after trial,[24] which suggests a recognition that Plaintiff and the United States may litigate this case to its conclusion without Wisner's testimony.  Indeed, even if the Court were to grant the requested stay, it may be that the United States  ultimately tries its case without Wisner's testimony.  The Court concludes that no substantial prejudice to its rights will befall the United States absent a stay.

---

[21] *Aspen Fin. Serv. v. Dist. Court.*, 289 P.3d 201, 209 (Nev. 2012) (quoting *In re CFS-Related Sec. Fraud Litig.*, 256 F. Supp. 2d 1227, 1239 (N.D. Okla. 2003)).

[22] *See* K.S.A. 22-3602.

[23] The Court has not studied the pending charges and has no knowledge regarding that prosecution other than what has been publicly reported.  Specifically, the Court does not know if Wisner may be charged with criminal conduct relating to Plaintiff.

[24] ECF No. 32 at 4.

Rule 1 of the Federal Rules of Civil Procedure provides for the "just, speedy, and inexpensive determination" of all civil matters,[25] and the Court finds that requirement instructive as to the remaining factors.  An indefinite delay would hinder those interests.[26]

**IT IS THEREFORE ORDERED THAT** Defendant the United States of America's Motion to Stay (ECF No.15) is DENIED.

**IT IS SO ORDERED.**

Dated in Kansas City, Kansas on this 26th day of August, 2016.

_s/ Teresa J. James_
Teresa J. James
United States Magistrate Judge

---

[25] Fed. R. Civ. P. 1.

[26] In its reply brief, the United States suggests that discovery should be stayed at least until the presiding District Court judge rules on its outstanding motion to dismiss (ECF No. 13).  The Court rejects this suggestion.  After the United States filed its motion to dismiss, Plaintiff amended his complaint.  _See_ ECF No. 31.  The United States has indicated that it will file a similar motion to dismiss in response thereto.  ECF No. 32 at 6 n.5.  What the United States omits is that its immunity argument does not address all counts of Plaintiff's original or amended complaints.  Therefore, even if the United States were to prevail on its immunity argument, the amended complaint will not be dismissed in its entirety.